UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE: JOHATHAN PETERSEN and )
PILGRIM FINANCING, LLC, )
) CAUSE NO. 2:10-CV-298 RM
Petitioners )

OPINION and ORDER

Jonathan Petersen and Pilgrim Financing, LLC filed an emergency petition for enforcement of Crime Victims' Rights Act (CVRA), seeking an order compelling the Department of Justice and United States Attorney General Eric Holder, Jr. to comply with the CVRA and to accord them various rights conferred upon crime victims under the Act, 18 U.S.C. § 3771(a). The government responds that the petitioners aren't entitled to the relief they seek because the rights asserted arise only after criminal charges have been brought and a case opened, no charges have been filed, and the CVRA expressly precludes any private action that would "impair the prosecutorial discretion of the Attorney General or any officer under his direction," including a decision on whether, who, and what to charge, 18 U.S.C. § 3771(d)(6), and asks that the petition be dismissed. The court deems the government's response to be a motion to dismiss under FED. R. CIV. P. 12(b). The petitioners have replied and the matter is now ripe for review.

Fed. R. Civ. P. 8(a) requires a "short and plain statement" to show that a pleader is entitled to relief. While detailed factual allegations aren't required, it does demand something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, _ U.S. _, 129 S.Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschcroft v. Iqbal, 129 S.Ct. At 1949 (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accepting as true the few factual allegations pleaded in the petition, the court finds no plausible claim for relief.

The CVRA defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. 3771(e), and provides that a crime victim, or the victim's lawful representative, may assert the rights described in 18 U.S.C. § 3771(a) "in the district court of the criminal prosecution "or, if no prosecution is underway, in the district court in the district in which the crime occurred." 18 U.S.C. § 3771(d)(3). No prosecution is underway in any district court, so the petitioners, by necessity, rely on the latter provision to establish jurisdiction in this court. Whether a crime has occurred, however, has yet to be determined.

Petitioners say they are victims of various state and federal crimes committed by Sergio Garcia, Kerusso Konstruction Kompany, LLC, and other people or entities under Sergio Garcia's direction or control, including fraud, securities crimes, money laundering, tax evasion, the unauthorized practice of law, and violations of Indiana's real estate brokerage licensing laws. The petitioners contend that the United States Attorney's Office for the Northern District of Indiana, specifically United States Attorney David Capp and Assistant United States Attorney Susan Collins, refused to confer with them, denied them

their right to full and timely restitution, permitted the "Garcia Perpetrators" to evade prosecution by "negligently or intentionally allow[ing] the statute of limitations to bar such prosecutions," and demonstrated "a total indifference and lack of respect to the victims of real estate and mortgage fraud crimes," in violation of 18 U.S.C. § 3771 (a)(5)-(8). The petitioners also allege that Attorney General Eric Holder, Jr. and the Department of Justice "illegally violate[d]" the CVRA by failing to promulgate "meaningful" regulations to ensure compliance by responsible official with the obligations described therein. But the petition contains no factual allegations supporting these allegations, and the legal conclusions the petitioners' employ as a substitute are insufficient. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause or action will not do.'" Aschcroft v. Iqbal, 129 S.Ct. at 1949 (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. at 555).

The CVRA guarantees crime victims an range of substantive and participatory rights "in any court proceeding involving an offense against [them]," 18 U.S.C. 3771(d)(3); In re Rendon Galvis, 564 F.3d 170 (2nd Cir. 2009), but there are no court proceedings in this case because no criminal charges have been filed. Whether charges might be filed and proceedings initiated in the future is a matter of prosecutorial discretion, *see* United States v. Armstrong, 517 U.S. 456 (1996) ("The Attorney General and United States Attorneys retain "broad discretion" to enforce the nation's criminal laws."); Sieverding v. United States Dept. of Justice, 693 F. Supp. 2d 93, 110 (D.D.C. 2010) (plaintiff failed to state a claim based on

3

allegations of failure to subpoena or investigate because DOJ's "decision to allocate limited governmental resources to investigate a reported crime is a discretionary function", and it had no obligation to pursue allegations of criminal behavior), and the CVRA expressly provides that "[n]othing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any office under his direction." 18 U.S.C. § 3771(d)(6).

The statute and legislative history of the CVRA indicate that the right "to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding," "to confer with the attorney for the Government in the case," to receive "full and timely restitution", and to "proceedings free from unreasonable delay," 18 U.S.C. § 3771(a)(4)-(7), arise only after charges have been brought against a defendant and a case has been opened. *See* 150 Cong. Rec. S4260, S4268 (Apr. 22, 2004); In re McNulty, 597 F.3d 344, n.9 (6th Cir. 2010); In re Stewart, 552 F.3d 1285, 1289 (11th Cir. 2008); In re Rendon Galvis, 564 F.3d 170, 174-175 (2nd Cir. 2009); In re Dean, 527 F.3d 391, 395 (5th Cir. 2008).

A victim's "right to be treated with fairness and with respect for [his or her] dignity and privacy," 18 U.S.C. § 3771(a)(8), may apply before any prosecution is underway and isn't necessarily tied to a "court proceeding" or "case," In re Dean, 527 F.3d 391, 394 (5th Cir. 2008); United States v. BP Products North American, Inc., 2008 WL 501321 (S.D. Tex. 2008), but it has yet to be determined whether any crime has been committed and whether the petitioners are victims of any

4

federal crime within the meaning of the CVRA. The petitioners allege that the U.S. Attorney's Office for the Northern District "demonstrate[d] a total indifference and lack of respect to the victims of real estate and mortgage fraud crimes" when it "systematically failed to prosecute real estate or mortgage fraud crimes," allowed the statute of limitations to run, and failed to confer with petitioners. But the U.S. Attorney didn't have an obligation under the CVRA to confer with the petitioners until after a charge was filed and a case opened, and the decision not to bring charges against the alleged perpetrators was a matter of prosecutorial discretion, not subject to review under the CVRA. The conclusory allegations contained in the petition for enforcement don't create a plausible claim for relief under the CVRA.

The petitioners' assertions that the United States Attorney General and Department of Justice violated 18 U.S.C. § 3771(f) by failing to promulgate "meaningful" regulations "to ensure compliance by reasonable officials with the obligations described in law respecting crime victims," are factually and legally insufficient. 18 U.S.C. § 3771(d) expressly provides that:

> (1) **Rights.** – The crime victim or the crime victim's lawful representative, and the attorney for the Government may assert *the rights described in subsection (a)...*
> ***
> (3) **Motion for relief and writ of mandamus.** – *The rights described in subsection (a)* shall be asserted... in the district court in which the crime occurred.

(Emphasis added). The court has no authority under the CVRA to compel the Attorney General to promulgate regulations, "meaningful" or otherwise, under § 3771(f).

For the foregoing reasons, the court DISMISSES the petition for enforcement of Crime Victims' Rights Act [Doc. No. 1], and DENIES AS MOOT the motion for hearing [Doc. No. 8].

SO ORDERED.

ENTERED:   December 8, 2010


　　　　　　　　　　　　　　　　　   /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　United States District Court